## DAVIS v. POLLOCK.

1. STATUTE OF FRAUDS—ALLEGATIONS—PROOF.—A party should not
   complain that he was not permitted to show that his parol lease was
   valid under an exception in the statute of frauds, where he neither
   alleged nor offered to prove any fact which would make the exception
   applicable.
2. IBID.—LEASES—ACTIONS.—No action can be brought to charge any
   person upon a contract, not in writing, for the lease of any real estate,
   even for a term not exceeding one year, no matter what may be the
   amount of rent reserved.
3. IBID.—IBID.—Letters which do not specify the property intended to
   be leased, nor the terms of the agreement, are not a sufficient memo-
   randum in writing under the statute of frauds.
4. IBID.—IBID.—Whether parol leases for a term less than one year are,
   under any circumstances, authorized by the statute of frauds, discussed
   but not determined.

Before Kershaw, J., York, April, 1891.

Action by M. L. Davis against A. H. Pollock for breach of contract of lease, commenced October 5, 1889. Plaintiff relied upon three letters written to him by defendant from Blacksburg, S. C., dated respectively December 26 and 31, 1888, and January 8, 1889. They were as follows:

I. Dear Sir: I have seen the Dr. and have secured the House. You can make arrangements to come. I will let you know what day he will give up the House. I guess the first of Jan. You must come as soon as you can. I will expect you & family to go to our house and stay till you get fitted up. Mary and the children are gone to her Father's. Will be gone for 3 weeks or a month. They will be surprised to see you all over here when they come back. Let me know when you will come.

II. Dear Sir: I thought I had better drop you a line this morn. I find we cannot get possession until after the 8th of Jan., as Thompson's time will not be out until then. He says he will not give it up then, but we will see about that. I have engaged a cook and have the Promist of a Porter.

P. S.—I had just wrote before your telegram came. I will write again soon & keep you Posted.

III. Dear Sir: I Rec. your Telegram Sat. night, but too Late to answer then, but wrote Sunday and directed to Charlotte, as your Telegram came from C., and I thought you would be in Charlotte. Well, to-day, the 8th, is Tompson's Last day, but he will not give up, but we are going to get Possession by Law—it may take 10 days longer to get him out, that will put it to the 18 of this month. I am going to take out Papers this Eave to dispossess him, and as soon as the Law will put him out we will have the house. Just hold yourself in Readiness. I will let you know when to come as soon as I possibly can. Try and not make any other arrangement until you here from me. I will let you know as soon as I can. Excus the hurridley note.

The order of non-suit, omitting its statement of the pleadings, was as follows:

I suffered the plaintiff, over the objection of counsel for the defendant, to introduce oral testimony in support of the alleged

35—36

agreement to lease, but when the counsel for plaintiff attempted to prove the lease itself by certain letters from the defendant to the plaintiff, introduced in evidence, which, in themselves did not show a contract, and by oral testimony, supplementary to said letters, I ruled that such testimony was not competent to establish the lease, being obnoxious to the provisions of section 2018 of the General Statutes of South Carolina. Whereupon the counsel for plaintiff announced that the plaintiff would accept a non-suit. It is, therefore, ordered, adjudged, and decreed, that a non-suit be entered, and that the plaintiff pay the costs of this action.

Whereupon plaintiff appealed on the following grounds: I. Because, it is respectfully submitted, his honor erred in holding that parol testimony was inadmissible to prove the alleged lease under the provision of section 2017 of the General Statutes. II. For error that his honor ruled that it was not competent for plaintiff to prove under the exception mentioned in said section 2017, that said lease was made, and that amount of rent reserved was in compliance with the provisions of said section. III. For error in ruling that said proposed parol testimony was obnoxious to the provisions of section 2019 of General Statutes of South Carolina. IV. For error in not holding that the plaintiff's case came within the provisions of said section 2017. V. Because his honor ruled that when the plaintiff offered to prove that between the 1st and 8th of January, 1889, the defendant made a parol lease to the plaintiff of the premises described in the complaint for the remainder of the year 1889, that said proposed proof was within the statute of frauds and section 2019, and inadmissible. VI. Because the plaintiff was prevented by the above ruling of his honor from proving his case in accordance with the provision contained in said exception to 2017 of General Statutes.

The defendant gave notice of the following grounds in support of the order of non-suit: I. That while a verbal lease that conforms to the requirements of the exception to section 2017 of the General Statutes of South Carolina may be good and valid as a lease, yet that while the said verbal lease is executory and unperfected by entry, section 2019 of the

General Statutes of South Carolina in regard to contracts or sales of lands, tenements, hereditaments, or any interest in, or concerning them, applies to and controls said verbal lease, and prohibits any action by either party for not giving or taking possession under said verbal lease. [II. Substantially the same as the first.] III. That inasmuch as the letters introduced in evidence by the appellant, did not in themselves show that the minds of the respondent and appellant had ever met as to the particular property which the one proposed to lease, and for which the other proposed to pay rent, nor as to the amount and time of payment of the stipulated rent, his honor should not have permitted the plaintiff, appellant, to have testified verbally as to said particulars, and thus by testimony partly written and partly oral, prove an agreement to lease land.

*Mr. W. B. Wilson, sr.*, for appellant.

*Mr. W. B. McCaw*, contra.

September 2, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiff brought this action to recover damages from the defendant for failure to put plaintiff into possession of the Merchant's Hotel at Blacksburg, South Carolina, pursuant to an alleged parol lease of same for the term of one year. It is alleged in the complaint that some time in the latter part of the year 1888 defendant agreed with plaintiff that he would lease to him the said premises for the term of one year from the 1st day of January, 1889, on certain terms therein stated; and that on or about said first day of January the defendant did lease to the plaintiff the said hotel for the year 1889 on the terms stated; and that though plaintiff has ever stood ready and willing to comply fully with the terms of said lease, the defendant has failed and refused to comply with his part of the contract of lease. The defendant answered, denying the alleged contract of lease, and pleading the statute of frauds.

The plaintiff was examined as a witness to prove the alleged

lease, and defendant objected to the introduction of parol evidence for that purpose, which objection was sustained.    Defendant then offered in evidence certain letters written by defendant to the plaintiff in regard to the alleged lease, which were objected to as not containing the terms of the alleged contract.   The court, after inspecting the letters (copies of which are set out in the "Case"), ruled that while the alleged contract of lease could not be proved except by some writing setting forth the terms of the contract, which the letters offered did not do, yet that it was competent for plaintiff to show, by way of inducement, an agreement by parol to lease, but the lease must be proved by some writing.    The defendant then proceeded to testify as to the alleged terms of the agreement, after which counsel for plaintiff proposed to argue the question as to whether the alleged lease was within the statute of frauds ; and after argument the court ruled that it was, whereupon "plaintiff's counsel announced that they would take a voluntary non-suit," which was accordingly ordered, and plaintiff appealed upon the several grounds set out in the record ; the defendant also giving notice that he would seek to sustain the non-suit upon other grounds set out in the record, in addition to those relied upon by the Circuit Judge. These grounds need not be set out here, but they, together with the order of non suit, should be embraced in the report of the case.

The case has been argued here as if the vital question was whether a parol lease for a term of one year or less was a valid contract ; and appellant relies upon the exception contained in section 2017 of the General Statutes to show that certain parol leases are valid, and his complaint is that he was not permitted to show that the lease which he was seeking to enforce fell within that exception.   It might be sufficient to say, in answer to this complaint, that there is no allegation in the complaint that the lease in question fell within the excepted class, nor does the "Case" show that any evidence was offered to sustain such an allegation, even if it had been made. But waiving this, and conceding that a parol lease for a term not exceeding one year may be a valid contract for some purposes, yet. it seems to us, that the real question is whether such a contract can, under the statute of frauds,

be enforced by an action. As is said in 3 Parsons on Contracts, 56 *et seq.*, quoted with approval in *Duckett* v. *Pool*, 33 S. C., at page 241 : "It is to be noticed that while some of the sections of the statute of frauds declare the oral contracts, which they are intended to prevent, utterly void, the fourth section (under which the contract now in question falls) only provides that no action shall be brought upon the promises, or for the purposes therein enumerated. * * * The distinction is sometimes important ; nor is it adequately expressed in the cases which say that these oral contracts, embraced within the fourth section, are not void, but voidable, by the statute of frauds. We consider them neither void nor voidable. If they were good at common law, they remain good now for all purposes but that expressly negatived by statute ; that is, no action can be brought upon them, but in other respects they are valid contracts."

The 4th section of the statute of frauds, now incorporated in the General Statutes as section 2019, expressly declares : "No action shall be brought whereby to charge * * * any person * * * upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them, * * * unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing," &c. Now, as the contract which forms the basis of this action was a contract of that character, it is quite clear that the action could not be maintained in the absence of any written agreement "or some memorandum or note thereof * * * in writing." The only things which passed between the parties which were in writing were the letters from the defendant to plaintiff, and as they did not contain the terms of the agreement alleged, or specify the property claimed to have been leased, it is very manifest that they were not sufficient to satisfy the requirements of the statute of frauds. See *Kennedy* v. *Gramling*, 33 S. C., 367, and the cases therein cited. For this reason, therefore, we think there was no error in granting the non-suit.

But we are not to be understood as endorsing the view that section 2018 of the General Statutes forbids the execution of any parol lease of real estate for a term not exceeding one year. While, under the view which we have taken

of this case, it is not necessary to decide the question authoritatively (and we are not to be understood as undertaking to do so), yet it may be that the apparent conflict between the terms of sections 2017, which declares that "All estates, interests of freehold, or terms of years, * * * made or created by parol, * * * shall have the force and effect of estates at will only, * * * except leases not exceeding the term of one year from the time of entry, whereupon the rent reserved to the landlord during such term shall amount unto two-third parts, at the least, of the full improved value of the thing demised;" and section 2018, which declares that "No leases * * * shall at any time be assigned, granted, or surrendered, unless it be by deed or note in writing," &c., can be reconciled by holding that the provision in section 2018 relates only to a subsisting lease, and not to one originally made. The words "assigned" and "surrendered" are certainly more appropriate to a lease already made than to one to be made, and the word "granted" may be applied to either. Any other view would render section 2018 absolutely inconsistent with section 2017, which plainly recognizes the making or creation of leases for any length of time by parol, declaring, however, that all such leases, except those for a term not exceeding one year, whereon the rent reserved shall amount to the sum indicated, shall have the force and effect of estates at will.

So, also, if section 2018 should be construed as forbidding the making of any parol lease, it would be in conflict with sections 1812, 1817, and 1819, of the General Statutes, all of which recognize in express terms a parol lease for a term not exceeding one year. As is said by Frost, J., in *Godard v. Railroad Company*, 2 Rich., 349, commenting on the 3rd section of the act of 1817, now incorporated in the General Statutes as section 1812: "The third section of the act of 1817 provides that no parol lease shall give the tenant a right of possession for a longer period than twelve months, * * * is merely prohibitory of parol leases for a longer period than one year; and in avoiding the contract of the parties to the extent it would (otherwise) operate, makes it good for one year." See, also, *McDonald & Bonner v. Elfe*, 1 Nott & McC., 501, and *Clark* ads.

*Bynum,* 3 McCord, 298, where the validity of a parol lease for a year has been recognized for some purposes.

While, therefore, we are not prepared to say that a parol lease for a term not exceeding one year may not be good and valid for some purposes, yet we are bound by the express terms of the 4th section of the statute of frauds (section 2019 of General Statutes), to say that no action can be brought to charge any person upon a contract, not in writing, for the lease of any real estate, even for a term not exceeding one year, no matter what may be the amount of rent reserved by such lease.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.