STATE *EX REL.* SOUTHERN RY. v. EARLE (Two APPEALS.)

1. PLEADINGS.—PETITION does not allege that ordinance was not promulgated as required by law, but its invalidity, because violative of the constitutional provision that a person shall not be deprived of property without due process of law.

2. MUNICIPALITIES—MAYOR'S COURT—PRESUMPTIONS.—From judgment of conviction in mayor's court it is presumed that all requirements of law have been complied with.

3. IBID.—ORDINANCES.—A party affected by an ordinance is entitled to show by testimony that it is so unreasonable in its operation as really to be spoliation or confiscation of property under the guise of legal forms.

4. CIRCUIT COURT—JURISDICTION.—After appeal from an intermediate order and attaching of jurisdiction of Supreme Court, Circuit Court cannot hear case on merits.

5. SUPREME COURT JUSTICE—JURISDICTION.—Can a single Justice of the Supreme Court release jurisdiction of a cause by that Court, so as to be heard on merits on Circuit, while case is pending on appeal?

Before ALDRICH, J., Richland, June 27 and July 23, 1903. Reversed.

Proceeding for prohibition by Southern Railway Co. against F. S. Earle, mayor of the city of Columbia, and Owen Daly, chief of police of said city. From Circuit order overruling demurrer, refusing motion for reference, and decree on merits, petitioner appeals.

*Messrs. B. L. Abney* and *E. M. Thomson,* for appellant, cite: *Petitioner had no right of appeal which was adequate:* Code, 1902, 2003; 33 P. R., 880; 4 Rob., 48; 49 La. Ann., 1612; 127 Mass., 60; 19 Minn., 117; 5. Wash., 518; 8 Wash., 591; 45 Mo. App., 551; 20 Gratt., 522. *Circuit Judge had jurisdiction to issue the writ:* Con. 1895, art. V., sec. 15; Code 1902, 2736; 14 S. C., 477; 17 S. C., 80; 1 S. C., 261; 35 S. C., 1; 48 S. C., 21. *Court can enquire into reasonableness of an ordinance:* 21 Ency., 2 ed., 985, 986, 989; 4 DeS., 578; Dil. on Mun. Corp., 4 ed., secs. 319-329; Rus. on Pol. Pow., 96; 103 Fed. R., 622; 118 U. S., 372; 136 N. Y., 577; 67 Ill., 37; 98 Cal., 13; 102 Fed. R., 323; 35 L. R. A., 684; 37 L. R. A., 175; 48 S. C., 581; 78 L. R. A., 717. *Circuit Court could not hear case on merits after appeal:* 52 S. C., 505; 31 S. C., 602; 49 S. C., 325; 40 S. C., 430; 61 S. C., 4; 64 S. C., 175. *Order refusing reference was appealable:* 2 Ency. P. & P., 78; 20 Neb., 630; 12 Neb., 321; 19 Ohio St., 189. *Proceedings on Circuit should have been stayed until hearing of appeal:* 11 S. C., 122; 3 McC., 175; 49 S. C., 325, 322. *It is competent to show that ordinance was not properly promulgated:* 21 Ency., 2 ed., 971, 947; 1001; 23 Am. St. R., 558.

*Mr. Allen J. Green,* contra, cites: *Court of equity has no jurisdiction to stay execution of judgment in a criminal case:* 24 S. C., 200; 158 U. S., 564; 16 Ency., 2 ed., 397, 377; 61 Ga., 386; 5 Am. and Eng. Dec., 487; 71 Ga., 106; 84 Ala., 115; 30 Ala., 135. *Prohibition only lies against want of jurisdiction:* 10 S. C., 303; 17 S. C., 83; 2 Bail., 164; 21 S. C., 323; 29 S. C., 363. *As to refusal of order of reference:* 48 S. C., 584; 2 McM., 336; 4 Strob., 310, 241; 33 S. C., 61; 62 S. C., 469. *Appeal did not operate as stay:* 2 Strob., 250. *Petitioner, having right of appeal, is not entitled to writ:* 1 S. C., 51, 261.

April 22, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. *Statement of facts.*—There are three sets of exceptions in these two cases: (1) Those assigning error on the part of his Honor, the Circuit Judge, in overruling the demurrer to the rule to show cause; (2) those complaining of error in refusing an order of reference in order that the petitioner might have the opportunity of showing that the ordinance hereinafter mentioned was unreasonable and, therefore, deprived the petitioner of its property without due process of law, in contravention of section 1 of the 14th amendment to the Constitution of the United States; (3) those alleging error in the final judgment dismissing the petition. The following is the order refusing the reference: ·

"This is a proceeding in prohibition to restrain the mayor and chief of police of the city of Columbia from enforcing an ordinance of said city, entitled 'An ordinance to amend section 347a of the revised ordinances of the city of Columbia, ratified the 26th day of May, 1896.' Said ordinance, according to the allegations of the petition herein, was ordained and passed, or attempted to be ordained and passed, on February 26th, 1901, so that said section of the revised ordinances as amended 'shall read:' 'Section 347a. In order to provide for the safety of the public at places where the tracks of the steam railroad companies cross the streets of the city of Columbia, it shall be the duty of said companies to station both day and night at such crossings as in the judgment of the city council the public safety may require, to be designated by the city council, a flagman, whose duty it shall be to show a red flag whenever a train may be approaching or crossing such streets; and it shall also be the duty of said companies to provide and maintain at such crossings a good and sufficient light, to burn from thirty minutes after sunset until one hour before sunrise. Any person or corporation violating any of the foregoing provisions shall be punishable upon conviction before the mayor, or alderman acting as mayor, by a fine not exceeding forty ($40.00) dollars.'

"Thereafter the intersections of a number of streets were designated by the city council, and the petitioner herein, through its proper officers, was notified to place flagmen and lights, as required by the ordinance. In January, 1902, the said ordinance was enforced, or attempted to be enforced, by fining an agent of petitioner for violating the same. On January 9th, 1902, his Honor, Judge Ernest Gary, issued a rule against the respondents to show cause before him, at chambers, in Columbia, S. C., 'Why the writ of prohibition prayed for in the petition in the above stated proceeding should not issue in accordance with the prayer thereof,' and restrained respondent, 'until the further order of this Court, from further prosecuting the proceedings against the said Southern Railway Company, or its officers and agents, on account of the matters and things alleged in said petition.' and answered the petition herein.

"Petitioner contends: 1. That the city had no power, express, implied or incidental, to pass the ordinance in question. 2. That the legislature was without power to confer The respondents have made return to the rule to show cause the right to pass such an ordinance, because it would contravene art. I., sec. 5, of the Constitution of South Carolina, as well as sec. 1 of the 14th amendment to the Constitution of the United States, in that it is a taking of property without due process of law, and denies the equal protection of the laws. 3. That it appears upon the face of the ordinance itself, and from the facts before the Court: a. That this ordinance is unreasonable, unjust, oppressive and a burden upon the petitioner, and therefore void. b. That it is in contravention of the sections and articles of the Constitution above referred to, in that it attempts to impose upon the railroad company the whole expense of providing good and sufficient lights where the railroad track crosses any streets in the city of Columbia, as well as requires flagmen at road crossings night and day, the entire expense of which to fall upon the railroad company. c. That the ordinance has never been duly promulgated, as is required by the charter

of said city (14 Stat., 569, sec. 10, revised ordinances city of Columbia, page 176).

"The proceeding now comes before me upon the petition and return. As preliminary to the hearing, petitioner moves the Court for an order of reference to the master, directing him to take and report the testimony upon the issues of fact raised in the pleadings. This motion of reference is predicated upon the claim of petitioner that it has the legal right to show, by testimony, that 'this ordinance,' the one in question, 'is unreasonable, unjust, oppressive and a burden upon the petitioner, and, therefore, void.' In my opinion, petitioner has no such legal right. The ordinance in question, upon its face, purports 'to provide for the safety of the public at places where the tracks of the steam railroad companies cross the streets of the city of Columbia.' It, therefore, falls under and within the police power. The ordinance may be illegal, because either without authority of law, or because it is unconstitutional; but if the ordinance is legal, Courts 'cannot run a race of opinions upon points of right, reason and expediency with the law-making power.' *Darlington* v. *Ward,* 48 S. C., 583. 'This Court, of course, has nothing to do with the policy of the ordinance. It may be very unjust, oppressive and partial, or it may be one of those wise measures of preservation which experience has rendered necessary to circumvent the cunning of those who look more to private gain than the interest of society.' *City Council* v. *Ahrens,* 4 Strob., 256. The latest authority upon this subject is the case of *Darlington* v. *Ward, supra,* where the subject is discussed and the authorities reviewed. I shall not consider the subject further.

"Whether the ordinance in question is void, because illegal, for the reasons stated, can, and will be, determined without taking testimony as to the reasonableness, &c., of the ordinance. The respondents, when the proceeding came up before me, discussed all of the issues presented by the pleadings, and demanded that the petition herein be dismissed and the rule discharged. The Court must refuse

such demands, and for two, among other reasons: 1st. The petitioner only argued the motion to refer, and did not discuss all of the issues raised. There was, of course, reference to these issues; but they were not fully presented, and naturally so, as the motion to refer was preliminary to the argument upon the merits.

"2d. There is an issue of fact upon which some record evidence is needed, to be passed upon. I refer to the allegations and contention of the petitioner, 'that the ordinance' in question, 'has never been duly promulgated, as is required by the charter of the city,' &c. In paragraph 10 of the petition it is alleged that the city council, 'claiming and assuming authority to act under the charter of said city, and the laws of the State relating thereto, did attempt to ordain and pass the following ordinance,' and the ordinance above stated is then set out in full; but there are no words purporting to show that said ordinance was made and ratified under the seal of the city, signed by the mayor, or attested by the clerk. Whether or not the ordinance was duly and legally ordained will appear upon the records, or the original ordinance. The production of such original, or the proper evidence of the same, should be an easy matter, involving little time and trouble, and a reference to take such testimony should not be necessary. If, however, I am mistaken in this respect, and it is necessary, petitioner may renew his motion for a reference to take such testimony or proof.

"Wherefore, it is ordered, that the motion of petitioner for an order of reference herein to take testimony be and hereby is refused."

The order is dated 23d July, 1902.

On the 26th day of July, 1902, the petitioner served notice of appeal from said order, and thereafter on 28th July, 1902, perfected its appeal by filing with the clerk of this Court the return required by the rules. On the 1st of August, 1902, Chief Justice Pope granted an order staying proceedings until the appeal should be disposed of by the Supreme Court. On the 12th of August, 1902, Chief Justice Pope modified

his previous order by ordering, "that so much thereof as prevents Judge Aldrich from continuing the hearing and rendering his decision upon the merits be rescinded, and the said Judge be, and is authorized, to proceed to hear and dispose of the same in the same manner as if said order had not been granted." Thereafter Judge Aldrich heard the case upon the merits and dismissed the petition.

*Opinion.*—The first ground of the demurrer to the return to the rule to show cause was that "it does not show that the ordinances set forth in the petition have been duly and regularly ordained and passed by the said city council and promulgated as required by the charter of said city of Columbia." The tenth paragraph of the petition is as follows:

"(10) That on the 26th day of February, 1901, the city council of the city of Columbia, claiming and assuming authority to act under the charters of said city, and the laws of the State relating thereto, did attempt to ordain and pass the following ordinance:

" 'An ordinance to amend section 347a of the revised ordinances of the city of Columbia, ratified the 26th day of May, 1896.

" 'Be it ordained by the mayor and aldermen of the city of Columbia, in council assembled, and by the authority of the same,

" 'Section 1. That section 347a of the revised ordinances of the city of Columbia, ratified the 26th day of May, 1896, be, and the same is hereby, amended by striking out after the word "station" the words "during the daytime," and inserting in lieu thereof the words "both day and night," so that the section as amended shall read:' " Then follows a copy of the ordinance set out in the order of Judge Aldrich.

In the return the respondent admits the allegations contained in paragraph 10 of the petition. It will be observed that paragraph 10 does not allege that the ordinance was not promulgated in the manner required by law. The reasonable interpretation of its language is that it intended to allege

the invalidity of the ordinance because it was in violation of
the Constitution, which provides that a person shall not be
deprived of property without due process of law. The ad-
mission of the respondent is not susceptible of the construc-
tion placed upon it by the petitioner. There are several
other reasons that could be assigned in support of this con-
clusion, but we deem them unnecessary.

The second ground of the demurrer was as follows: "2.
Although it is admitted that the agent of the Southern Rail-
way Company was tried before the mayor's court as alleged
in paragraph 15 of the petition, the return does not
show that the said city of Columbia has ever complied
with the said ordinance set forth in the petition by
designating at what crossiings, in the judgment of the city
council, the public safety required a flagman to be stationed,
and good and sufficient lights to be also provided and main-
tained by said railroad company." It is presumed from the
judgment of conviction before mayor's court that there was
a compliance with all the requirements of law until the
contrary is made to appear. Furthermore, the allegations of
the petition show that the city designated the crossings men-
tioned in the ordinance.

The next question that will be considered is whether the
Circuit Judge, in refusing the order of reference, erred in
ruling that the petitioner did not have the legal right to show
by testimony that the ordinance is "unreasonable,
unjust, oppressive and a burden upon the petitioner."
The ruling of the Circuit Judge is unquestionably
free from error, unless, as a federal question, a different
principle prevails in cases arising under the Constitution of
the United States. When there is conflict in cases involving
a federal question between the decisions of a State Court and
the United States Supreme Court, it is the duty of the State
Court to follow the decisions of the United States Supreme
Court. *Construction Co.* v. *Township,* 49 S. C., 535, 27
S. E., 570. In 21 Enc. of Law, 985, *et seq.,* it is said: "It
is well established as a general rule that ordinances, in order

to be valid and binding, must be reasonable and not arbitrary or oppressive, and ordinances which do not conform to this requirement will be declared void." Also: "In determining whether an ordinance is reasonable, regard must be had to the surrounding circumstances, and the character of the place where it is to be put in operation must also be considered. Thus, where the power of regulation given to municipalities by the Constitution is alike conferred upon cities, towns and counties, an ordinance passed pursuant thereto may be reasonable when confined to the limits of a city or town, while it would be entirely unreasonable when put in operation in all parts of a large county, thinly populated in many of its parts." Again: "The reasonableness of an ordinance is a question of law for the Court to decide upon a consideration of all the established facts and circumstances of the case; but a controversy as to the facts of the case must be determined by a jury." These principles are recognized and followed by the Supreme Court of the United States. In *Turpin* v. *Lemon,* 25 Sup. Ct. Rep., 20, the Court quotes with approval the following definition of due process of law found in *Hagar* v. *Reclamation Dist.,* 111 U. S., 701: "It is sufficient to observe here that by 'due process' is meant one which, following the forms of law, is appropriate to the case, and just to the parties to be affected. It must be pursued in the ordinary mode prescribed by the law; it must be adapted to the end to be attained; and whenever it is necessary for the protection of the parties, it must give them an opportunity to be heard respecting the justice of judgment sought. The clause in question means, therefore, that there can be no proceeding against life, liberty or property which may result in the deprivation of either, without the observances of those general rules established in our system of jurisprudence for the security of private rights." The case of *Henderson* v. *Henderson,* 19 Sup. Ct. Rep., 553, shows that in order to bring a case within the scope of the 14th amendment to the Constitution of the United States, it should be so clearly and palpably an illegal encroachment upon private rights as to

leave no doubt that the legislation by its necessary operation, is really spoliation under the guise of the law. In *Smythe* v. *Ames,* 18 Sup. Ct. Rep., 418, the Court uses this language: "In every Constitution is the guaranty against the taking of private property for public purposes without just compensation. The equal protection of the laws, which, by the fourteenth amendment, no State can deny to the individual, forbids legislation, in whatever form it may be enacted, by which the property of one individual is without compensation wrested from him for the benefit of another, or of the public. This, as has been often observed, is a 'government of law and not a government of men,' and it must never be forgotten that under such government, with its constitutional limitations and guaranties, the forms of law and the machinery of government, with all their reach and power, must in their actual workings stop on the hither side of the unnecessary and uncompensated taking or destruction of any private property legally acquired and legally held." The Court then proceeds to show that it was competent to enter upon an inquiry as to the reasonableness and justice of the law therein mentioned. In *Ry. Co.* v. *Gill,* 156 U. S., 649, the Court says: "There is a remedy in the Courts for relief against legislation establishing a tariff of rates which is so unreasonable as to practically destroy the value of property of companies engaged in the carrying business, and that especially may the Courts of the United States treat such a question as a judicial one, and hold such acts of legislation to be in conflict with the Constitution of the United States, as depriving the companies of their property, without due process of law, and as depriving them of the equal protection of the laws." These authorities demonstrate that the petitioner had the right to show by testimony that the ordinance was so unreasonable in its operation as really to be spoliation or confiscation of its property under the guise of legal forms, and that the ruling of the Circuit Judge was erroneous.

The question whether the Circuit Judge had jurisdiction to hear the case upon the merits after the Supreme Court had

acquired jurisdiction by the filing of the return with the clerk of the Court, does not necessarily arise, as the Circuit Court could not hear the case on the merits until the plaintiff had the opportunity of introducing testimony to show that the ordinance was unreasonable. The cases of *Bank* v. *Stelling,* 32 S. C., 102, 10 S. E., 766; *Capell* v. *Moses,* 36 S. C., 559, 15 S. E., 718; *Sease* v. *Dobson,* 34 S. C., 345, 13 S. E., 530; *State* v. *Ry. Co.,* 45 S. C., 470, 23 S. E., 383, and *Alston* v. *Limehouse,* 61 S. C., 1, 39 S. E., 192, show that as a general rule he did not have jurisdiction after the case had been removed to the Supreme Court.

The question as to the power of a single Justice to grant permission to the Circuit Court to hear the case upon the merits after the Supreme Court had acquired jurisdiction, need not be considered, as we have shown that the judgment must be reversed for the reasons hereinbefore stated.

The judgment of the Circuit Court must be set aside, but without prejudice to the rights of the parties to a new trial, and such is the judgment of this Court. It is also the judgment of this Court, that the order of the Circuit Court, in both cases, refusing the order of reference, be reversed, with leave to the petitioner to renew its motion.