## 23542

TOWN OF SCRANTON, South Carolina, a Municipal Corp., Appellant v.
Amar WILLOUGHBY, Respondent.

(412 S.E. (2d) 424)

Supreme Court

*Marian D. Nettles* and *E. LeRoy Nettles, Sr.*, of *Nettles, Turbeville & Reddick*, and *James R. Epps*, of *Floyd & Epps*, Lake City, *for appellant.*

*L. Hunter Limbaugh* and *Mark W. Buyck, Jr.*, of *Willcox, McLeod, Buyck, Baker & Williams*, Florence, *for respondent.*

Heard Dec. 2, 1991; Decided Dec. 16, 1991.

Reh. Den. Jan. 22, 1992.

*Per Curiam:*

This appeal is from an action seeking a mandatory injunction requiring removal of a mobile home from an area not zoned for mobile home use. We reverse and remand.

The Town of Scranton enacted a comprehensive zoning ordinance, for the purpose of promoting the health, safety, morals, and general welfare of the community. As a part of the Town's zoning ordinance, all mobile homes are required to be placed in a designated mobile home district. Respondent, Amar Willoughby, set up his mobile home in an area not zoned for mobile home use, after which the Town sought the mandatory injunction. The trial judge found that the zoning ordinance of Scranton, to the extent that it excludes mobile homes from all areas except mobile home districts, is unconstitutional and an unreasonable exercise of its police power.

A municipal ordinance is a legislative enactment and is presumed to be constitutional. *Southern Bell Telephone and Telegraph Co. v. City of Spartanburg,* 285 S.C. 495, 331 S.E. (2d) 333 (1985). The exercise of police power under a municipal ordinance is subject to judicial correction only if the action is arbitrary and has no reasonable relation to a lawful purpose. *Town of Hilton Head Island v. Fine Liquors, Ltd.,* 302 S.C. 550, 397 S.E. (2d) 662 (1990), *Bob Jones University v. Greenville,* 243 S.C. 351, 133 S.E. (2d) 843 (1963).

The burden of proving the invalidity of a zoning ordinance is on the party attacking it, and it is incumbent on respondent to show the arbitrary and capricious character of the ordinance through clear and convincing evidence. See *Rush v. City of Greenville,* 246 S.C. 268, 143 S.E. (2d) 527 (1965). The record as submitted to this court is void of evidence to find the Town of Scranton's zoning ordinance arbitrary and capricious. In the absence of such record, the ordinance is valid and enforceable.

Accordingly, the decision of the trial court is reversed and remanded with instructions to enter an order granting the appellant the relief requested.