### 23751

ELI WITT COMPANY, Appellant v. CITY OF WEST COLUMBIA and Jenny Cunningham, in her official capacity as Treasurer of the City of West Columbia, Respondents.

(425 S.E. (2d) 16)

Supreme Court

*Jane W. Trinkley* and *Elizabeth F. Mallin*, both of *McNair Law Firm, P.A.*, Columbia, *for appellant.*

*James Randall Davis* and *Carey M. Ayer*, both of *Bouknight, Nicholson, Davis, Frawley & Anderson*, Lexington, *for respondent.*

Heard Oct. 12, 1992.

Decided Dec. 7, 1992.

MOORE, Justice:

Appellant Eli Witt Company (Eli Witt) appeals the circuit court's order upholding the constitutionality of an ordinance enacted by respondent City of West Columbia (City). We affirm.

## I. FACTS

Eli Witt is a wholesale distributor incorporated in Delaware which sells various items to convenience and grocery stores in South Carolina. Eli Witt owns and operates a warehouse in

the City. The City levies a business license tax on Eli Witt pursuant to its Business and Professional License Ordinance (ordinance). Under the ordinance, the business license tax is assessed upon a business's gross income for the year. Eli Witt does not pay another South Carolina municipality a business license tax.

Eli Witt's 1988 gross income in South Carolina was $22,090,302.00 of which only $1,858,278.00 was derived from sales within the City. The City assessed the business license tax upon the total gross income and Eli Witt paid $10,380.87 in taxes under protest on December 22,1989. On January 22, 1990, Eli Witt commenced an action seeking the recovery of the 1989 business license tax paid and a permanent injunction against the enforcement of the ordinance on the ground that it is unconstitutional. In 1990, Eli Witt amended its complaint to also seek the 1990 business license tax it paid under protest. In 1991, Eli Witt paid its 1991 business license tax under protest and commenced a separate action for its recovery.

The circuit court consolidated these cases. Both Eli Witt and the City filed motions for summary judgment. The circuit court found the ordinance constitutional and, in essence, granted the City's summary judgment motion.

## II. ISSUE

The sole issue on appeal is whether the ordinance is constitutional.

## III. DISCUSSION

Under S.C. Code Ann. § 5-7-30 (Supp. 1991), each municipality may:

> levy a business license tax on gross income, but a wholesaler delivering goods to retailers in a municipality is not subject to the business license tax unless he maintains within the corporate limits of the municipality a warehouse or mercantile establishment for the distribution of wholesale goods . . .

> Pursuant to this section, the City enacted the Business and Professional License Ordinance. The ordinance defines "gross income" to mean:

> the total revenue of a business received or accrued for

one calendar year, collected or to be collected by a business within the city, excepting therefrom income done from business wholly outside of the city, on which a license tax is paid to some other municipality . . .

Eli Witt does not challenge the constitutionality of § 5-7-30. It challenges only the constitutionality of the ordinance.

An ordinance is a legislative enactment and is presumed to be constitutional. The burden is on the taxpayer to prove its unconstitutionality beyond a reasonable doubt. *North Charleston Land Corp. v. City of N. Charleston*, 281 S.C. 470, 316 S.E. (2d) 137 (1984).

Eli Witt concedes that a business license tax is imposed for the privilege of maintaining and conducting a place of business within the municipality. *United States Fidelity & Guar. Co. v. City of Newberry*, 257 S.C. 433, 186 S.E. (2d) 239 (1972); *Triplett v. City of Chester*, 209 S.C. 455, 40 S.E. (2d) 684 (1946). Eli Witt does not challenge the "subject" or "rate" of the tax levied by the ordinance. Eli Witt merely challenges the "measure" of the tax as applied to Eli Witt. In this case, the "measure" of the tax is the gross income of the business. Eli Witt's argument is based on the City's definition of gross income. It argues that the tax should be limited to income earned within the City.

Specifically, Eli Witt contends that the ordinance violates the equal protection and due process clauses because the ordinance is vague and arbitrary. Eli Witt bases its equal protection argument on the fact that it is not taxed by any other municipality and, therefore, is treated differently than a business which is taxed by another municipality in that Eli Witt cannot deduct income from sales made outside the City.

If a classification is reasonably related to a proper legislative purpose and the members of each class are treated equally, any challenge under the equal protection clause fails. *Robinson v. Richland County Council*, 293 S.C. 27, 358 S.E. (2d) 392 (1987). The equal protection clause is satisfied if the classification bears a reasonable relation to the legislative purpose, the members of the class are treated alike under similar circumstances and the classification rests on some reasonable basis. *Medlock v. S.C. State Family Farm Dev. Auth.*, 279 S.C. 316, 306 S.E. (2d) 605 (1983). An ordinance violates the equal protection clause if it is arbitrary and

there is no hypothesis to support the classification. *Id.* Obviously, the City classifies a business which already pays a similar tax to another city differently. This classification, however, is not arbitrary, as all businesses which pay another city a similar tax are treated alike and allowed a deduction from their gross receipts. Conversely, all businesses which do not pay another city a similar tax are not allowed any deductions. These classifications are reasonably related to the purpose of avoiding duplicative taxation. Therefore, this ordinance does not violate the equal protection clause.

In *Triplett, supra,* this Court addressed the issue of whether a contractor should be subjected to the city of Chester's business license tax. The contractor had an office in Chester but worked in many areas outside of the city. This Court held that the contractor conducted business in Chester and was subject to the tax. In addition, this Court stated:

> It was not contemplated that the various phases of a business should be segregated and only that part taxed which was actually carried on within the corporate limits. The tax was imposed for the privilege of maintaining or conducting a place of business within that municipality and it was intended that the business should be considered as a whole. The gross income or volume of such business is merely made the basis on which the tax is graduated.

209 S.C. at 462, 40 S.E. (2d) at 687.

Eli Witt cites *Southern Bell Tel. & Tel. Co. v. City of Spartanburg,* 285 S.C. 495, 331 S.E. (2d) 333 (1985), to support its argument. This case, however, is distinguishable. In *Southern Bell,* this Court held there is no rational basis for including intrastate calls in gross income for license tax purposes. This Court merely held intrastate phone calls should not be included in gross income for business license tax purposes. The holding in *Southern Bell* is limited to the facts of that particular case.

Based on the foregoing, we hold the ordinance is constitutional. Accordingly, the order of the circuit court is

Affirmed.

HARWELL, C.J., FINNEY and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.