632 S.E.2d 894

**CITY OF BEAUFORT, Respondent,**

v.

**Eddie HOLCOMBE, Appellant.**

**No. 4134.**

Court of Appeals of South Carolina.

Submitted June 1, 2006.

Decided July 10, 2006.

644

Scott Wayne Lee, of Beaufort, for Appellant.

William B. Harvey and Caroline Meng, both of Beaufort, for Respondent.

GOOLSBY, J.:

The Municipal Court of the City of Beaufort convicted Eddie Holcombe of failing to obtain a business license in violation of section 7–1001 of the Beaufort Municipal Code. Holcombe appealed to the circuit court, which upheld the conviction. Holcombe again appeals, arguing the City's ordinance violates the Equal Protection Clauses of our federal and state constitutions. We affirm.[1]

At the time of this action, Holcombe owned a commercial building in downtown Beaufort that was divided into multiple offices. Holcombe operated his own optometry business (a professional association) in one of the offices. In addition, he received rental income from an unrelated, commercial tenant occupying another office within the building.[2] Holcombe admittedly paid no business license fee related to the rental of commercial property to either of these businesses.

On August 14, 2003, the City of Beaufort cited Holcombe for violation of section 7–1001, which requires all persons engaged in any business, service, occupation, or profession classified by the City to obtain a business license and pay an annual license fee.[3] The City contended Holcombe, as a commercial land-

---

1. We decide this appeal without oral argument pursuant to Rule 215, SCACR.

2. In his brief, Holcombe states the building is divided into two offices and he rents the second office to an unrelated business. The City asserts Holcombe "receives substantial rental income from the multiple commercial tenants within the building."

3. "Every person engaged, or intending to engage in any calling, business, service, activity, occupation or profession listed in the rate classification portion of this chapter, in whole or in part, within the limits of

lord, should have obtained a business license and paid fees based on the rental income generated from the property he leased to the third party. Although not expressly provided for in the ordinance, the City exempts a landlord from the license fee requirements when the landlord occupies rental property for his own use or pays rent to himself.

In October 2003, the Municipal Court of the City of Beaufort found Holcombe guilty of failing to obtain a business license. Acting Municipal Judge James A. Grimsley, III noted that under the Beaufort Municipal Code, a license was required for "[l]essors of non-residential buildings (with gross rental income of $12,000.00 or more)."[4] The judge found Holcombe was the owner of real property in Beaufort and he had failed to obtain an annual business license based on the rental income he received on the property for the years 2000, 2001, and 2002.[5] Holcombe was sentenced to thirty days in jail, suspended upon the payment of a $750.00 fine plus all amounts due under the ordinance, to include administrative penalties for nonpayment as may be provided for in the ordinance.

On appeal, Holcombe challenged the constitutionality of the City's application of the ordinance. Specifically, he contested the City's determination that a property owner who leases property to himself (or an entity wholly owned by him) is not in the business of leasing so as to require the payment of a business license fee, whereas a property owner who leases property to third parties is in business and thus required to pay a business license fee. Holcombe argued the City's unwritten exemption for property owners who rented to themselves (or their alter-egos) violated his equal protection rights.

The Equal Protection Clauses of our federal and state constitutions declare that no person shall be denied the equal

---

the city, is required to pay an annual license fee and obtain a business license as herein provided." Beaufort Municipal Code, Ordinance § 7–1001(a).

4. This specific language does not appear in any portion of the ordinance appearing in the Record on Appeal, but the parties do not dispute its application here and raise no issue in this regard on appeal.

5. The judge applied a three-year statute of limitations.

648

protection of the laws.[6] This "simply means that no person, or class of persons, shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances."[7]

In evaluating whether an enactment affords equal protection, we must first decide what level of scrutiny to apply.[8] "Courts generally analyze equal protection challenges under one of three standards: (1) rational basis; (2) intermediate scrutiny; or, (3) strict scrutiny."[9] "If the classification does not implicate a suspect class or abridge a fundamental right, the rational basis test is used."[10] Inherently suspect classifications include those based on factors "such as race, religion, or alienage."[11]

In this instance, we agree with the circuit court's determination that "landlords do not constitute a 'suspect' class, [so] the 'rational basis' test is used."[12] "To satisfy the equal protection clause, a classification must (1) bear a reasonable relation to the legislative purpose sought to be achieved, (2) members of the class must be treated alike under similar circumstances, and (3) the classification must rest on some rational basis."[13]

6. U.S. Const. amend. XIV, § 1; S.C. Const. art. I, § 3.

7. *Harrison v. Caudle*, 141 S.C. 407, 416, 139 S.E. 842, 845 (1927).

8. *In re Luckabaugh*, 351 S.C. 122, 147, 568 S.E.2d 338, 351 (2002).

9. *Denene, Inc. v. City of Charleston*, 359 S.C. 85, 91, 596 S.E.2d 917, 920 (2004); *see also Clark v. Jeter*, 486 U.S. 456, 461, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988); 19 S.C. Juris. *Constitutional Law* § 85 (1993).

10. *Denene*, 359 S.C. at 91, 596 S.E.2d at 920; *see also Hendrix v. Taylor*, 353 S.C. 542, 549, 579 S.E.2d 320, 323 (2003).

11. *Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 429, 593 S.E.2d 462, 469 (2004).

12. *Cf. Fraternal Order of Police v. South Carolina Dep't of Revenue*, 352 S.C. 420, 574 S.E.2d 717 (2002) (applying rational basis standard, not heightened scrutiny, to equal protection challenge of revenue statutes dealing with bingo).

13. *Sunset Cay*, 357 S.C. at 428, 593 S.E.2d at 469.

▆▆▆ Equal Protection Clauses are subject to a wide scope of discretion and legislative enactments are to be avoided only when they are without any reasonable basis.[14] Only "irrational and unjustified classifications" are barred.[15] .

▆▆▆▆ "A municipal ordinance is a legislative enactment and is presumed to be constitutional."[16] "The burden is upon the taxpayer to prove unconstitutionality beyond a reasonable doubt."[17] The burden requires the attacker to negate every conceivable basis that might support it.[18] The reasonableness of an ordinance is a question of law for the court to decide unless there is a controversy about the facts of the case, which must be decided by a jury.[19]

▆▆▆ In the current case, the City imposes a business license fee on "[l]essors of non-residential buildings (with gross rental income of $12,000.00 or more)." Thus, the City has created two classes of commercial landlords: (1) those utilizing commercial property for their own businesses, so that those businesses are their source of income, and (2) those who are renting property to third parties, so that the rental fees generated are their source of income.

In finding these two groups are not similarly situated and upholding the City's imposition of a business license fee on Holcombe's rental income, Special Circuit Court Judge Curtis L. Coltrane reasoned as follows:

> A business owner who rents his own property to himself is not in the business of renting property, but rather is in whatever business he operates from within the property. The business/property owner does not offer his property for rent in the general market. The business owner pays a

14. *Ward v. Town of Darlington*, 183 S.C. 263, 274, 190 S.E. 826, 831 (1937).

15. *In re Luckabaugh*, 351 S.C. at 147, 568 S.E.2d at 351.

16. *Town of Scranton v. Willoughby*, 306 S.C. 421, 422, 412 S.E.2d 424, 425 (1991).

17. *Id.*

18. *Id.*

19. *Ward*, 183 S.C. at 270, 190 S.E. at 829.

business license fee on the business he actually operates. A commercial landlord, on the other hand, operates no business from within the property he leases, and pay[s] no business license fee on the businesses operated from within the property. The commercial landlord does pay a business license fee on the business he actually operates, that being the leasing of real property on the open market.

We agree with the circuit court's reasoning and conclude there is a rational and reasonable basis for the City's classifications. As noted by the circuit court, a property owner who uses commercial property for his own business is not in the "business" of renting commercial property, but rather, is in whatever business he actually operates on the property. In this case, Holcombe operated an optometry business on the premises he actually occupied. On the other hand, a property owner renting commercial property to third parties is in the business of renting commercial property. Commercial landlords renting to third parties, as a class, are treated alike and equally in these circumstances.[20] Based on the foregoing, we hold the challenged ordinance as applied is not plainly arbitrary and does not violate Holcombe's equal protection rights.[21]

**AFFIRMED.**

HEARN, C.J., and ANDERSON, J., concur.

---

**20.** See *Ed Robinson Laundry & Dry Cleaning, Inc. v. South Carolina Dep't of Revenue*, 356 S.C. 120, 124, 588 S.E.2d 97, 99 (2003) ("A class may be constitutionally confined to a particular trade."); *Pee Dee Chair Co. v. City of Camden*, 165 S.C. 86, 162 S.E. 771 (1932) (stating "business," as used in ordinances requiring persons engaged in a "business" to obtain a license, implies continuity or custom).

**21.** See *Whaley v. Dorchester County Zoning Bd. of Appeals*, 337 S.C. 568, 576, 524 S.E.2d 404, 408 (1999) ("The determination of whether a classification is reasonable is initially one for the legislative body and will be sustained if it is not plainly arbitrary and there is any reasonable hypothesis to support it."); *Eli Witt Co. v. City of West Columbia*, 309 S.C. 555, 425 S.E.2d 16 (1992) (holding ordinance imposing business license tax upon the gross income of businesses did not contain an arbitrary classification where it exempted businesses paying a similar tax on that income to another city; all businesses paying a similar tax are treated alike and the classification is reasonably related to the purpose of avoiding duplicative taxation); *see also Ponder v. City of Greenville*, 196 S.C. 79, 12 S.E.2d 851 (1941) (noting legislation does

not deny equal protection merely because it is specific or limited to a particular class and holding statute providing wholesalers delivering goods to retailers in any municipality shall not be charged a business license tax unless they maintain a warehouse within the municipality is not arbitrary and capricious as those operating within the municipality receive advantages and for such privilege they should pay a license tax).