## 22072

The CITY OF SPARTANBURG, Appellant, v. The PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA and Southern Bell Telephone and Telegraph Company, Respondents.

(314 S. E. (2d) 599)

Supreme Court

*T. E. Walsh*, of *Gaines & Walsh*, Spartanburg, *for appellant.*

*Arthur G. Fusco* and *C. Dukes Scott*, Columbia, *for The Public Service Commission.*

*William F. Austin, A. Camden Lewis* and *Fred A. Walters*, Columbia, *for Southern Bell.*

March 29, 1984.

HARWELL, Justice:

The City of Spartanburg appeals from a Public Service Commission Order affirmed by the Circuit Court. We affirm.

The City increased its business license tax on utilities by ordinance on December 17, 1979. Under the ordinance, Southern Bell must pay a tax equal to 1% of its gross receipts for "intrastate and local business done in the city." The Public Service Commission allows the company to pass on the percentage of the business license tax which exceeds a cap approved by the PSC to customers within the local exchange

area. (Southern Bell General Subscriber Services Tariff A2.4.5.)

On September 4, 1980, Southern Bell filed an application with the Public Service Commission for a rate increase. The City was granted the right to intervene.

We must affirm decisions by the Commission affirmed by a circuit judge unless they are clearly erroneous in view of the substantial evidence on the whole record. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

Appellant asserts that the cap is so low that it allows an excessive percentage to be passed on to Southern Bell customers within the Spartanburg exchange. The record, however, contains little evidence to support this position. We cannot say that the Commission's findings were clearly erroneous.

The City challenges the constitutionality of the tariff on several grounds. First, it contends that the tariff conflicts with its power to tax under our Constitution and Code. Article VIII, § 17; S. C. Code Ann. §§ 5-7-10, 5-7-30, 58-9-30 (1976), 1983 Cum. Supp. We disagree. The utility still pays the tax. The tariff simply passes a portion of the tax on to the City's taxpayers rather than to those outside the city limits or across the state. *State v. Public Service Commission*, 310 S. W. (2d) 925, 933-4 (Mo. 1958).

Appellant also asserts that the tariff discriminates against municipal customers. It contends that Southern Bell should bill the tax to customers statewide as a general expense. In this regard, appellant asserts that business license taxes should be treated in the same manner as *ad valorem* property taxes. We disagree. While property statewide must be taxed according to its value, municipalities can impose license taxes on businesses without the same limit of uniformity. License taxes should not be passed on to customers across the state.

Appellant contends on the basis of several recent Colorado decisions that municipal customers already subsidize the rural customers by paying the same rate for less expensive service and that therefore rural customers should help pay the business license tax. *See, e.g., City of Montrose v. Public Utility Comm'n*, 197 Colo. 119, 590 P. (2d) 502 (1979). However,

the record indicates that in our state, customers in rural areas pay a surcharge not paid by municipal customers to cover the cost of rural service.

We agree with the trial court that to charge customers outside the city exchange or across the state for a city license tax would be unjust discrimination. As the majority of states have determined, it is reasonable to allow the telephone company to charge the tax back to the customers in the political subdivision imposing the tax if it exceeds a fixed rate. *City of Newport News v. Chesapeake & Potomac, T. Co.*, 198 Va. 645, 96 S. E. (2d) 145 (1957). Customers statewide should not be required to pay for benefits enjoyed primarily by those within the City of Spartanburg.

Appellants further assert that the Commission failed to follow a procedure which would safeguard the rights of the customers affected. This assertion has no merit. The City was allowed to intervene and to present evidence before the Commission. Appellant alleges no specific error in the notice or procedures involved.

The judgment below is, accordingly,

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.