22325

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Respondent, v. CITY OF SPARTANBURG and Katherine Moore, its Treasurer and Director of Finance, Appellants.

(331 S. E. (2d) 333)

Supreme Court

*T. Emmett Walsh* and *William E. Walsh*, both of *Gaines & Walsh*, Spartanburg, *for appellants.*

*James B. Drennan, III*, of *Drennan & Shelor*, Spartanburg, *Fred A. Walters*, and *William J. Quirk, A. Camden Lewis*, of Columbia, *for respondent.*

Heard April 22, 1985.

Decided May 17, 1985.

HARWELL, Justice:

The city of Spartanburg appeals from a circuit court order voiding the business license tax the city imposed on the respondent Southern Bell. We affirm.

On December 17, 1979 the City of Spartanburg amended its business license ordinance with respect to three utilities. Pursuant to the amendment: (1) "Electric Power Companies" are required to pay "3% of gross receipts" for "supplying electric power, residential, commercial and industrial, within city limits"; (2) "Gas Companies" are required to pay "1% of gross receipts" for "supplying gas within city limits"; and (3) "Telephone Companies" are required to pay "1% of gross receipts" for "intrastate and local business done in whole or in part in the city." The city agreed by separate contract to exempt Duke Power from the license tax. Duke, however, agreed to pay the city 3% of the gross revenues it received from services to customers within the corporate limits of Spartanburg. The contract provided that Duke would supply power to the city for 20 years, unless the city chose to enter the electricity business.[1]

The amendment to the license tax was effective as to Southern Bell on January 1, 1981. Under the amendment, Southern Bell became the largest license taxpayer in the city, paying $238,875 in 1981; $267,262 in 1982; and $295,005

---

[1] The contract further provided that the city would furnish an adequate water supply so that it would not be necessary to pump water by electric power during fires and shielded Duke from liability for interruptions in service not caused by the company's neglect.

in 1983.[2] Southern Bell had paid $22,318 in 1980; the tax was thus increased 900 to 1000 percent.

The appellant contends that the trial court erred in holding that the city lacked power to tax revenues earned from intrastate long-distance calls made from Spartanburg or charged to a Spartanburg number. We disagree and hold there is no rational basis for including intrastate calls in gross income for license tax purposes. *Southern Bell v. City of Aiken*, 279 S. C. 269, 306 S. E. (2d) 220 (1983). The city also asserts that all revenues earned from serving customers in the Spartanburg exchange must be taxed. We disagree. The city lacked power to tax revenues from services the company rendered to customers residing outside the city limits. *See City of Spartanburg v. Public Service Commission*, 281 S. C. 223, 314 S. E. (2d) 599 (1984).

The appellant additionally contends that the court erred in holding the ordinance denies Southern Bell equal protection of the laws. We disagree.

An ordinance is a legislative enactment and is presumed to be constitutional. The burden is on the taxpayer to prove unconstitutionality beyond a reasonable doubt. *North Charleston Land Corp. v. City of North Charleston*, 281 S. C. 470, 316 S. E. (2d) 137 (1984). However, "[i]n all of our decisions wherein a classification in a tax statute or ordinance has been challenged as being in violation of the equal protection clause ..., this court has recognized that a reasonable basis for the different treatment was essential to the constitutionality thereof." *United States Fidelity and Guaranty Co. v. City of Newberry*, 257 S. C. 433, 186 S. E. (2d) 239, 242 (1972).

The gross disparity in the license tax rate imposed by the Spartanburg ordinance is reflected by the fact that Southern Bell pays a tax of 1% of its gross receipts ($238,875 in 1981 and $267,262 in 1982), while a textile mill or manufacturing plant with the same revenue as Southern Bell pays a maximum of $725.[3] The city has advanced no reasonable basis for the differential treatment.

---

[2] Southern Bell has also been, for many years, the highest *ad valorem* taxpayer in the city.

[3] In addition, the record reveals a great disparity between the tax rate imposed on Southern Bell and the rate imposed on retail businesses, hospitals, and others.

The amendment was not part of any overall reform of the ordinance. Nor did the city prove that Southern Bell benefited more from city services than did other businesses. *United States Fidelity and Guaranty Co. v. City of Spartanburg*, 263 S. C. 169, 209, S. E. (2d) 36 (1974). Moreover, since Southern Bell is the highest *ad valorem* taxpayer in the city, it contributes greatly to the cost of city government. Apparently, the sole consideration in drastically increasing the tax on Southern Bell was that, since Duke Power had agreed by contract to pay the city 3% of its gross revenues, Southern Bell's taxes should be increased.

We conclude that the rate disparity between Southern Bell and other companies not parties to contracts with the city is palpably unreasonable and violative of equal protection of the laws.

The judgment below is, accordingly,

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.