### 23503

CITY OF NORTH CHARLESTON, Appellant v. Clarence B. HARPER, Respondent.

(410 S.E. (2d) 569)

Supreme Court

*James E. Gonzales,* North Charleston, *for appellant.*

*Edmonds T. Brown, III,* North Charleston, *for respondent.*

Heard Sept. 25, 1991.

Decided Oct. 28, 1991.

HARWELL, Justice:

The question is whether the circuit judge erred in striking a city ordinance that imposed a mandatory thirty day sentence on any person found to be knowingly in possession of less than twenty-eight grams of marijuana or ten grams of hashish on the grounds that the ordinance was unconstitutional and that it conflicted with state law. We affirm.

## I. FACTS

Clarence B. Harper (Harper) was arrested for simple possession of marijuana in contravention of North Charleston City Code § 13-3. City Code § 13-3 provides for a mandatory thirty day sentence for those found guilty under the ordinance.

Harper exercised his right to a jury trial in municipal court. He was found guilty and sentenced to thirty days in jail. On appeal to the circuit court, the circuit judge held that the mandatory thirty day sentence in City Code § 13-3 offended Article VIII, § 14 of the South Carolina Constitution. The circuit judge also held that City Code § 13-3 conflicted with state law that grants municipal judges discretion in imposing punishment and suspending sentences. In addition, the circuit judge held that City Code § 13-3 violates the due process requirements of the United States and South Carolina Constitutions.

## II. DISCUSSION

### A. S.C. CONST. ART. VIII, § 14
S.C. Code Ann. § 44-53-370(c) and (d) (1976) provides:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance. . . . [A]ny person who violates this subsection with respect to twenty-eight grams or one ounce or less of marijuana or ten grams or less of hashish shall be deemed guilty of a misdemeanor and, upon conviction, *shall be subject to imprisonment for a term not to exceed thirty days or a fine of not less than one hundred dollars nor more than two hundred dollars.* . . . (emphasis added)

City Code § 13-3 provides:

> It shall be unlawful for any person to knowingly be in actual or constructive possession of less than twenty-eight (28) grams or one ounce of marijuana or ten (10) grams of hashish. Anyone convicted of violating this section shall be deemed guilty of a misdemeanor and *shall be sentenced to thirty (30) days in jail.* . . . (emphasis added)

The City of North Charleston (City) argues that both the state statute and the city ordinance prohibit the same conduct, and that City Code § 13-3 merely imposes the maximum punishment allowed under state law, and thus does not usurp state law. We disagree.

Article VIII of the South Carolina Constitution deals generally with the creation of local government. Article VIII, § 14 limits the powers local governments may

be granted by state law by providing that, among other things, local governments may not attempt to set aside state "criminal laws and the penalties and sanctions in the transgression thereof. . . ." The question is whether City Code § 13-3, in denying offenders under the ordinance the possibility of paying a fine after being found guilty of simple possession of marijuana, sets aside a criminal penalty established by state law. We hold that it does.

The legislature has provided parameters within which local governments may enact ordinances dealing with the criminal offense of simple possession of marijuana. This legislation occupies the field as far as penalties for this offense are concerned. Local governments may not enact ordinances that impose greater or lesser penalties than those established by these parameters. City Code § 13-3 exceeds the parameters established under state law by denying offenders the opportunity to pay a fine and thus avoid a jail sentence. The City has attempted to set aside a penalty the legislature has found to be appropriate to punish persons guilty of simple possession. Accordingly, we hold City Code § 13-3 violates the strictures of Article VIII, § 14 of the South Carolina Constitution.

### B. CONFLICT WITH STATE LAW

The City next argues that state law establishes only the outer parameters of municipal court sentencing jurisdiction, and that a municipal judge's discretion may be limited by an ordinance establishing the substantive offense and punishment. We disagree.

Local governments derive their police powers from the state. S.C. Const. Art. VIII, §§ 7, 9. The state has granted local governments broad powers to enact ordinances "respecting any subject as shall appear to them necessary and proper for the security, general welfare and convenience of such municipalities." S.C. Code Ann. § 5-7-30 (1976). This is in recognition that more stringent regulation often is needed in cities than in the state as a whole. *Arnold v. City of Spartanburg*, 201 S.C. 523, 23 S.E. (2d) 735 (1943). However, the grant of power is given to local governments with the proviso that the local law not conflict with state law. *City of Charleston v. Jenkins*, 243 S.C. 205, 133 S.E. (2d) 242 (1963). A city ordinance conflicts with state law when its conditions,

express or implied, are inconsistent or irreconcilable with the state law. *Town of Hilton Head v. Fine Liquors, Ltd.*, — S.C. —, —, 397 S.E. (2d) 662, 664 (1990) (quoting *McAbee v. Southern Rwy. Co.*, 166 S.C. 166, 169-70, 164 S.E. 444, 445 (1932)). Where there is a conflict between a state statute and a city ordinance, the ordinance is void. *State v. Solomon*, 245 S.C. 550, 141 S.E. (2d) 818 (1965).

A municipal judge possesses the power to "suspend sentences imposed by him upon such terms and conditions as he deems proper, including, without limitation, restitution or public service employment." S.C. Code Ann. § 14-25-75 (Supp. 1990). A municipal judge may impose fines or imprisonment, or both, not exceeding two hundred dollars or thirty days. S.C. Code Ann. § 14-25-65 (Supp. 1990). These statutes allow municipal judges a great degree of discretion to impose appropriate punishment and to suspend sentences.

Municipal judges' discretionary authority has been given pursuant to state law. The City has attempted to circumvent this grant of authority by enacting an ordinance which by its terms deprives municipal judges of discretionary authority. Power granted pursuant to state law can be restricted only by state law. A local government may not forbid what the legislature expressly has licensed, authorized, or required. *City of Charleston v. Jenkins*, 243 S.C. 205, 211, 133 S.E. (2d) 242, 244 (1963). Consequently, we hold that City Code § 13-3 conflicts with state law and therefore is void.

In sum, we hold that the circuit judge correctly struck City Code § 13-3 on the grounds that it offends Article VIII, § 14 of the South Carolina Constitution, and that it conflicts with state law. Because we hold that City Code § 13-3 is unconstitutional under the South Carolina Constitution, and that it conflicts with state law, we need not address the remaining constitutional issue.

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.