666 S.E.2d 912

**BEACHFRONT ENTERTAINMENT, INC. d/b/a Bert's Bar, John Elder, Mary Lynn Sheppard, and Cole Charles, Appellants,**

v.

**TOWN OF SULLIVAN'S ISLAND, Respondent.**

No. 26539.

Supreme Court of South Carolina.

Heard June 25, 2008.
Decided Sept. 8, 2008.

Stephen P. Groves, Sr., Bradish J. Waring, and Paul A. Dominick, of Nexsen Pruet, LLC, all of Charleston, for appellant Beachfront Entertainment, Inc.

John F. Martin, of The Martin Law Firm, of Charleston, for appellants John Elder, Mary Lynn Sheppard, and Cole Charles.

Mark C. Tanenbaum and John P. Algar, both of Mark C. Tanenbaum, P.A.; and Frances I. Cantwell and William B. Regan, both of Regan and Cantwell, LLC, all of Charleston, for respondent.

Charles W. Patrick, Jr., Gregory A. Lofstead and Matthew D. Hamrick, all of Richardson, Patrick, Westbrook & Brickman, of Charleston, for Amicus Curiae Tobacco Control Legal Consortium.

Justice MOORE.

This appeal is from a circuit court order upholding respondent's (Town's) ordinance banning smoking in the workplace. We find the penalty provision of the ordinance invalid and reverse that part of the circuit court's decision.

## FACTS

Town's Ordinance § 14–29 provides in essential part:

(D) *Prohibition of Smoking in the Workplace*

(1) The employer shall provide a smoke free environment for all employees working in all Work Space, Work Spaces and Work Places as those terms are defined herein. Further, the employer and all employees shall prohibit any persons present in said Work Space, Work Spaces and Work Places from smoking tobacco products therein.

A violation is punishable by a fine of $500 and/or thirty days in jail.

Restaurants are included in the definition of "workplace." Appellants are the owner of a restaurant and its employees. They brought this action claiming the ordinance is invalid because (1) the regulation of smoking is preempted by State law, and (2) the ordinance criminalizes conduct that is legal under State law. The circuit court found the ordinance valid and granted summary judgment to Town.

## ISSUES

1. Is the ordinance preempted by State law?

2. Is the ordinance unconstitutional because of the penalty it imposes?

## DISCUSSION

### 1. Preemption

■ In determining the validity of a local ordinance, the inquiry is twofold: did the local government have the power to enact the ordinance; and, if so, is the ordinance consistent with the Constitution and general law of this State. *Diamonds v. Greenville County*, 325 S.C. 154, 480 S.E.2d 718 (1997).

■ Appellants claim Town did not have the power to enact the ordinance because the regulation of smoking is preempted by State law. After the briefs were filed in this case, we addressed this argument in *Foothills Brewing Concern, Inc. v. City of Greenville*, 377 S.C. 355, 660 S.E.2d 264 (2008), and concluded that State law does not expressly preempt the regulation of smoking by a local government. Further, we find no implied preemption. *See South Carolina State Ports Auth. v. Jasper County*, 368 S.C. 388, 629 S.E.2d 624 (2006) (under the implied preemption doctrine, an ordinance is preempted when the state statutory scheme so thoroughly and pervasively covers the subject as to occupy the entire field, or when the subject mandates statewide uniformity).

■ Appellants also argue the regulation of indoor tobacco smoke is preempted by the federal Occupational Safety and Health Administration (OSHA) and our State Occupational Health and Safety laws, S.C.Code Ann. § 41–15–10 *et seq.* (1986 and Supp.2007). Federal courts have declined to find OSHA preempts state law, *e.g., Empire State Restaurant and Tavern Assoc. v. New York State*, 360 F.Supp.2d 454 (N.D.N.Y.2005), and we conclude there is no federal preemption of local regulation. Further, we find nothing in our State laws regarding workplace safety indicating the legislature

intended to preempt the regulation of indoor tobacco smoke in the workplace.

## 2. Penalty

■ Town's ordinance imposes a fine of $500 and/or thirty days in jail. Appellants contend the ordinance is invalid because it criminalizes conduct that is not illegal under State law. We agree.

■ As we held in *Foothills Brewing*, Article VIII, § 14, of our State Constitution[1] requires uniformity regarding the criminal law of this State and local governments may not criminalize conduct that is legal under a statewide criminal law. *See also Martin v. Condon*, 324 S.C. 183, 478 S.E.2d 272 (1996).[2] Here, the State has not preempted the regulation of indoor smoking; a local government may therefore criminalize indoor smoking, but only to the extent consistent with State law. *See City of North Charleston v. Harper*, 306 S.C. 153, 410 S.E.2d 569 (1991) (local governments may not enact ordinances that impose greater or lesser penalties than those established by state law). Town's ordinance is invalid in that it imposes a criminal penalty for smoking in places where smoking is not illegal under State law.

■ Town contends, however, that the offending provision regarding a thirty-day jail term should be severed pursuant to the ordinance's severance clause and the remaining fine be construed as a civil penalty. We disagree. The fine imposed under the ordinance is $500.[3] A violation of the provisions of

---

1. Article VIII, § 14 reads:

   In enacting provisions required or authorized by this article, general law provisions applicable to the following matters shall not be set aside ... (5) criminal laws and the penalties and sanctions for the transgression thereof; ....

2. In *Foothills Brewing*, we examined the ordinance in question and concluded it did not constitute a criminal law because a violation of the ordinance was designated an "infraction" and the only penalty imposed was a fine. In this respect, the ordinance in *Foothills Brewing* is different from the ordinance here which imposes a fine and/or thirty days in jail. *Foothills Brewing* therefore is not dispositive on this issue.

3. The recent amendment of the ordinance changing the penalty is not before us.

the Clean Indoor Air Act restricting indoor smoking is a misdemeanor punishable by a fine of $10 to $25. *See* S.C.Code Ann. § 44–95–50 (2002). The fine imposed by Town's ordinance is substantially greater than the criminal fines imposed under the Clean Indoor Air Act for tobacco smoking offenses and cannot be construed as simply a civil fine.

Accordingly, we find the penalty provision of the ordinance unconstitutional because it conflicts with State criminal law by imposing a criminal penalty for conduct that is not illegal under State law. The order of the circuit court is

**AFFIRMED IN PART; REVERSED IN PART.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.