694 S.E.2d 213

George Jensen AAKJER, III, Leight Andersen, Bobby Wayne Archer, Donald Lee Ard, Gary Philip Balcom, Thurman Odell Barnes, Ralph Hillary Bell, Jr., Marvin Simon Beverly, Steven M. Brinsfield, Laurie Ann Dzerwieniec, Jeffery Jay Galbrath, Ronald Dewayne Gause, Gwendolyn Marie Harvey, Jessica Jane Hayes, Anthony Odell Hyman, Molly Infield, Mark Dale Infield, Bonnie Roberts Johnson, Emmett Earl Jones, Dawn Michell Kelly, Richard Allen Lester, Rodney Alan Louhoff, Gary Edward Matson, Carla Williams Mercer, Richard O'Neil Mercer, Edward Dee Mitchum, Kathy Mitchum, Carol Justice North, Carol O'Day, William O'Day, III, Paul David Pinette, Steve Pinnell, Robert George Pinto, Debra A. Purcell, Rhonda Delette Robinson, Scott Allen Robinson, Rebecca Ann Rowan, Scott Rowan, Joseph Fred Ruddock, Jr., David Francis Speck, Anita Lynn Teachey, Robert Larry Thompson, Waddell H. Thompson, Michael James Timm, Debbie Timm, Rebel JM Tyler, Janice Waites, Susan Wall, and Edward Lucas Williams, Petitioners,

v.

CITY OF MYRTLE BEACH, City of Myrtle Beach Municipal Court, Respondents.

No. 26825.

Supreme Court of South Carolina.

Heard Feb. 3, 2010.

Decided June 8, 2010.

130 

Desa Ballard, of West Columbia, and James Thomas McGrath, of Richmond, VA, for Petitioners.

Michael W. Battle, of Battle, Vaught & Howe, of Conway, for Respondents.

Justice PLEICONES.

In response to various concerns stemming from motorcycle rallies, the City of Myrtle Beach enacted a number of ordinances and amendments to ordinances (the Motorcycle Ordinances). Among the ordinances was Ordinance 2008–64, which required that any person riding a motorcycle wear a protective helmet and eyewear (the Helmet Ordinance). Petitioners were each cited for violating the Helmet Ordinance by failing to wear the requisite helmet and eyewear. They brought this action in this Court's original jurisdiction challenging the Helmet Ordinance on three points: (1) the Helmet Ordinance is preempted by State law; (2) the ordinance establishing the system for adjudicating infractions of the Helmet Ordinance, which has since been repealed, was so intertwined with certain Motorcycle Ordinances that its repeal caused the ordinances to fail [1]; and, (3) the current system for

---

1. Petitioners contend the following ordinances were invalidated by repeal of the ordinance establishing the administrative hearing system: 2008–61 (accommodations restrictions); 2008–62 (consumption and open possession of alcohol in parking areas); 2008–63 (use of parking lots for non-parking activities); 2008–64 (helmet and eyewear requirements for cycles and mopeds); 2008–65 (parking of trailers on public streets or unlicensed private lots); 2008–66 (convenience store and premises security); and 2008–67 (minor or juvenile curfew).

adjudicating alleged violations of the Helmet Ordinance in municipal court is improper as the municipal court lacks subject matter jurisdiction over the charges.

Petitioners seek a declaratory judgment finding the Helmet Ordinance and Motorcycle Ordinances invalid and a writ of prohibition barring the municipal court from exercising jurisdiction over the alleged violations of the Helmet Ordinance. We find: (1) that the Helmet Ordinance is preempted under the doctrine of implied field preemption; (2) that the Motorcycle Ordinances were impliedly repealed by the ordinance repealing the administrative hearing system; and, (3) since we invalidate the Helmet Ordinance, we do not reach Petitioners' argument seeking a writ of prohibition.

## FACTS

For years, large motorcycle rallies were held in Myrtle Beach. A number of objections were had to the rallies based on, among other things, loud noise and rowdy behavior. Additionally, there was evidence the rallies placed a heavy burden on the local medical community, police, and other emergency responders.

In response, the City passed a number of ordinances and amendments dealing with rallies and motorcycles. Included among them was the Helmet Ordinance, an ordinance requiring all persons riding on motorcycles to wear approved helmets and eyewear. Under the language of the Helmet Ordinance, a violation was deemed an "administrative infraction." The City passed an ordinance establishing an administrative hearing system to conduct hearings on citations charging violations of certain municipal ordinances, including certain Motorcycle Ordinances. The administrative hearing ordinance was subsequently repealed.

Petitioners were each cited for failing to wear the requisite helmet and eyewear in the City. After the administrative hearing system was repealed, the City issued a Uniform Ordinance Summons for each person charged, requiring them to appear before a municipal court judge. This Court accepted Petitioners' petition for certiorari in its original jurisdiction before any charges were adjudicated.

ISSUES

I. Is the Myrtle Beach Helmet Ordinance preempted by State law?

II. Are the Motorcycle Ordinances impliedly repealed?

DISCUSSION

## I. Preemption

■■■■ A municipal ordinance is a legislative enactment and is presumed to be constitutional. *Southern Bell Telephone and Telegraph Co. v. City of Spartanburg,* 285 S.C. 495, 497, 331 S.E.2d 333, 334 (1985). The burden of proving the invalidity of a municipal ordinance is on the party attacking it. *Id.* This State's constitution provides that the powers of local governments should be liberally construed. *See* S.C. Const. art. VIII, § 17.

■■■ To determine the validity of a local ordinance, this Court's inquiry is twofold: (1) did the local government have the power to enact the local ordinance, and if so (2) is the ordinance consistent with the constitution and general law of this State. *See Beachfront Entertainment, Inc., v. Town of Sullivan's Island,* 379 S.C. 602, 605, 666 S.E.2d 912, 913 (2008). Petitioners advance a number of grounds for preemption of the Helmet Ordinance. We hold that the Helmet Ordinance fails under the doctrine of implied field preemption.

■■■ An ordinance is preempted under implied field preemption when the state statutory scheme so thoroughly and pervasively covers the subject as to occupy the field or when the subject mandates statewide uniformity. *See South Carolina State Ports Authority v. Jasper County,* 368 S.C. 388, 397, 629 S.E.2d 624, 628 (2006). The General Assembly addressed motorcycle helmet and eyewear requirements in S.C.Code Ann. §§ 56–5–3660 and 56–5–3670 (2009), respectively. The statutes generally require all riders under age twenty-one to wear a protective helmet and utilize protective goggles or a face shield. The Helmet Ordinance, in contrast, requires all riders, regardless of age, to wear a helmet and eyewear.

In S.C.Code Ann. § 56-5-30 (2009) the General Assembly authorized local authorities to act in the field of traffic regulation if the ordinance does not conflict with the provisions of the Uniform Traffic Act. Even assuming, as the City contends, that the Helmet Ordinance does not conflict with the Uniform Traffic Act, we find that the ordinance may not stand as the need for uniformity is plainly evident in the regulation of motorcycle helmets and eyewear. Were local authorities allowed to enforce individual helmet ordinances, riders would need to familiarize themselves with the various ordinances in advance of a trip, so as to ensure compliance. Riders opting not to wear helmets or eyewear in other areas of the state would be obliged to carry the equipment with them if they intended to pass through a city with a helmet ordinance. Moreover, local authorities might enact ordinances imposing additional and even conflicting equipment requirements. Such burdens would unduly limit a citizen's freedom of movement throughout the State. Consequently, the Helmet Ordinance must fail under the doctrine of implied preemption.[2]

## II. Implied repeal

As noted above, the City initially sought to enforce the Motorcycle Ordinances, including the Helmet Ordinance, in an administrative hearing tribunal, but later repealed the ordinance establishing the system. Petitioners contend the City's enactment of the ordinance repealing the administrative hearing system caused the entire Motorcycle Ordinance scheme to fail.[3] We agree.

---

**2.** Because we find that the Helmet Ordinance fails under implied field preemption, we need not reach Petitioner's remaining preemption issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not discuss remaining issues when disposition of prior issue is dispositive). Additionally, we need not address Petitioners' request for a writ of prohibition barring the municipal court from exercising jurisdiction over the alleged ordinance violations. *See Sangamo Weston, Inc. v. National Surety Corp.*, 307 S.C. 143, 148, 414 S.E.2d 127, 130 (1992) ("This court will not issue advisory opinions....").

**3.** Though Petitioners phrase their argument as whether the administrative hearing ordinance is "severable" from the Motorcycle Ordinances, Petitioners actually argue implied repeal.

■■ In general, repeal by implication is disfavored, and is found only when two statutes are incapable of any reasonable reconcilement. *See Capco of Summerville, Inc. v. J.H. Gayle Const. Co., Inc.*, 368 S.C. 137, 141, 628 S.E.2d 38, 41 (2006). "The repugnancy must be plain, and if the two provisions can be construed so that both can stand, a court shall so construe them." *Spectre, LLC v. South Carolina Dep't of Health and Envtl. Control*, 386 S.C. 357, 372, 688 S.E.2d 844, 852 (2010). When two statutes "are incapable of reasonable reconcilement, the last statute passed will prevail, so as to impliedly repeal the earlier statute to the extent of the repugnancy." *See Chris J. Yahnis Coastal, Inc. v. Stroh Brewery Co.*, 295 S.C. 243, 247, 368 S.E.2d 64, 66 (1988).

As noted, the City of Myrtle Beach enacted a number of ordinances and amendments to ordinances in response to the motorcycle rallies. Among the ordinances were ordinances 2008–61 through 67, which the City passed with the designation that any violation constituted an "administrative infraction." The City also enacted Ordinance 2008–71, establishing an administrative hearing system which, as the City explained on its website, established a process "to handle infractions as specified in Ordinances 2008–61, 2008–62, 2008–63, 2008–64, 2008–65, 2008–66, and 2008–67." Ordinance 2008–71 set forth in detail the rules, powers, and procedures of the administrative hearing system.

We find that the above-cited ordinances were enacted with the specific condition that they be enforced in the specially-crafted administrative hearing system. The ordinances therefore cannot be reconciled with a later ordinance abolishing the system. Consequently, the Motorcycle Ordinances continuing to reference "administrative infractions" were impliedly repealed.

We note, however, that in the same ordinance which repealed the administrative hearing system, the City amended Ordinances 2008–61 (accommodations restrictions) and 2008–65 (parking of trailers on public streets or unlicensed private lots) to designate those violations as "misdemeanors" rather than "administrative infractions." Consequently, these ordinances are not impliedly repealed and remain in effect.

## CONCLUSION

We find that the City Helmet Ordinance fails under implied field preemption due to the need for statewide uniformity and therefore issue a declaratory judgment invalidating the ordinance. Moreover, we hold that certain Motorcycle Ordinances were impliedly repealed by the ordinance repealing the administrative hearing system.

**JUDGMENT FOR PETITIONERS.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.