740 S.E.2d 507

**Gregory BROWN, Respondent,**

v.

**Willie BROWN, Jr., Charles Brown, Joe Brown, Nellie Brown Boyd, Vivian Brown Dowdy, First Federal, and First Financial Holdings, Inc., Defendants,**

**Of whom Willie Brown, Jr., Charles Brown, Joe Brown, Nellie Brown Boyd, and Vivian Brown Dowdy are the Appellants.**

Appellate Case No. 2012–206508.

No. 5104.

Court of Appeals of South Carolina.

Heard Jan. 17, 2013.
Decided March 27, 2013.

Gerald D. Jowers, of Columbia, for Appellants.

John E. Schmidt, III, Schmidt & Copeland, LLC, of Columbia, for Respondent.

FEW, C.J.

Gregory Brown brought this action for partition of real property that he and his five siblings owned together, and for an accounting of expenses he paid to preserve the property. The master-in-equity ordered the five siblings to pay Gregory their share of the expenses, partitioned the property by sale rather than in kind, and awarded Gregory attorney's fees and costs. The siblings appeal those decisions. We affirm the accounting decision, reverse the partition decision, vacate the award of fees and costs, and remand.

## I. Facts and Procedural History

Willie Brown Sr. died in June 2005, leaving a will that devised all his assets to his six children. The will named Gregory as the estate's personal representative. The estate's assets included personal property and two parcels of real property—the Clarkson property and the Dry Branch property. The Clarkson property is bounded on two sides by public roads. The Dry Branch property is landlocked but can be accessed using an easement over an adjoining piece of land. Acting in his capacity as personal representative, Gregory executed deeds in 2006 conveying equal, undivided shares of the Clarkson and Dry Branch properties to himself and his siblings.

As personal representative, Gregory managed the estate's income, property, and expenses. Although the estate received some income from various sources, it did not have sufficient funds to pay all its expenses. The siblings gave Gregory money to help pay the estate's expenses.

In 2005, before Gregory conveyed the properties, he began paying the taxes, mortgage debt, and utility bills with his own money. He continued to do this for several years after he and his siblings took title to the properties. He also performed maintenance on the properties, for which he charged his siblings a fee. The parties have been unable to agree on how much, if anything, the siblings owe Gregory for their share of these expenses.

For several years, the parties attempted unsuccessfully to reach an agreement on how to divide the real properties among them. In 2009, Gregory filed a complaint asking the

court to partition the properties either in kind or by sale. He also asked for an accounting of how much money his siblings owed him for their share of the expenses he incurred on the properties. The master conducted a trial and issued an order. As to the accounting cause of action, the master ordered each sibling to pay Gregory $5,171.15 as his or her share of the expenses. As to partition, the master determined that equitably dividing the properties into smaller parcels would be impracticable, and therefore he ordered the properties be sold at a public sale. Finally, the master ordered each sibling to pay Gregory $3,583.88 as his or her share of Gregory's attorney's fees and costs. The siblings filed a motion to alter or amend the judgment or for a new trial. The master denied the motion.

## II. Accounting

In making his accounting decision, the master refused to consider anything he found unrelated to the expenses of the Clarkson and Dry Branch properties. The siblings argue the master erred by not taking several things into account.

First, the siblings claim the funds they gave Gregory were contributions for the estate's expenses and for the parties' shared expenses related to owning the properties. The master found the contributions were purely for estate expenses, which meant the probate court had exclusive jurisdiction over any dispute about the contributions. *See* S.C.Code Ann. § 62–1–302(a)(1) (2009) (providing the probate court exclusive original jurisdiction over all subject matter related to estates of decedents). We find the master correctly determined the siblings' payments were contributions for estate expenses, not contributions toward their share of their expenses as owners of the properties. Gregory testified some of his siblings "contributed their equal portion for the burial expenses, which was agreed upon." Vivian testified, "Ever since we started this our disagreement with Greg has been how much we actually owe him for the expenses of the estate, and even though I'm hearing otherwise today, that's what I thought we were here for. . . ." She also testified the siblings offered to help Gregory with bills he had to pay as the personal representative of the estate.

Second, the siblings claim Gregory converted several items of personal property from the estate to which they were entitled under the will. They argue the master should have reduced their liability to Gregory by the value of their interests in the items. We find the master properly declined to consider the personal property. A dispute over conversion of estate property would be for the probate court to decide. *See* § 62–1–302(a)(1). To the extent the siblings are arguing the conversion occurred after they became owners of the personal property, the master found the evidence did not support the conversion claim. Gregory testified he is holding the items for safekeeping because several things had been stolen from Mr. Brown's house after he died. Given the conflicting characterizations of Gregory's intent regarding the personal property, the master's finding contains an implicit determination that Gregory's testimony was credible. We find no error in the master's choice to believe Gregory over his siblings. *See Clardy v. Bodolosky,* 383 S.C. 418, 424, 679 S.E.2d 527, 530 (Ct.App.2009) (stating the broad standard of review in equitable actions "does not require this court to ignore the findings below when the trial court was in a better position to evaluate the credibility of the witnesses" (citation and quotation marks omitted)).

The siblings assert two additional errors that we do not address. They argue the master erred in considering releases they signed because the releases were never made part of the record below. The master considered the releases as an alternative basis for his ruling. Our decision to affirm the ruling for the reasons described above makes it unnecessary to address this argument. *See Fesmire v. Digh,* 385 S.C. 296, 315 n. 10, 683 S.E.2d 803, 814 n. 10 (Ct.App.2009) (declining to address appellant's arguments because court's decision on other issues disposed of the appeal). The siblings also argue the master should have taken into account money Gregory received from third parties while acting as personal representative, as well as the value of scrap metal a family acquaintance removed from the properties and sold. This argument is not preserved because the master did not rule on it and the siblings did not raise it in their motion to alter or amend. *See Elam v. S.C. Dep't of Transp.,* 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (stating that when a party has raised an

issue or argument to the court, but the court did not rule on it, a party must file a motion to alter or amend in order to preserve it for appellate review).

### III. Partition

A trial court may partition jointly held property in kind, by allotment, or by sale. S.C.Code Ann. § 15–61–50 (2005). When "partition in kind or by allotment cannot be fairly and impartially made and without injury to any of the parties in interest," the court may order the property sold and divide the proceeds according to the parties' rights in the property. *Id.* As the party seeking partition by sale, Gregory has the burden of proving that partition in kind is not practicable or expedient. *Anderson v. Anderson,* 299 S.C. 110, 114, 382 S.E.2d 897, 899 (1989).

Under Rule 71(f)(1), SCRCP, a court may issue a writ of partition to five "commissioners," whose duty is "fairly and impartially, according to the best of their judgment, to make partition of the premises described in the complaint among the parties entitled thereto, according to their several rights." If the commissioners conclude the property cannot be "fairly and equally divided between the parties interested therein without manifest injury to them, or some one of them," the commissioners must make a special return of the property to the court, along with an appraisal of the property's value, and offer the court their opinion as to whether the property should be allotted to one or more of the parties or sold at public auction. Rule 71(f)(3). At that point, the court chooses between partitioning the property by allotment or by sale. *Id.*; Rule 71(f)(4).

A court is not required to follow this procedure in every partition case. It may "dispense with the issuing of a writ of partition when, in the judgment of the court, it would involve unnecessary expense to issue such writ." S.C.Code Ann. § 15–61–100 (2005); *accord* Rule 71(f)(5); *see also Tedder v. Tedder,* 115 S.C. 91, 98, 104 S.E. 318, 320 (1920) ("Appellants err in their contention that the issuance of a writ in partition is necessary to determine whether partition in kind is practicable. In many, perhaps in most, cases, the court is quite as capable of deciding that issue correctly upon testimony as

commissioners in partition would be after viewing the premises; and [the statute now codified as section 15–61–100] expressly gives the court the power to do so.").

In this case, the master found "needless expense would be incurred by issuance of a writ," and he partitioned the properties by sale. The master made this determination on the following basis:

Because the parties have not agreed on a partition in kind; because valuation and partition in kind is rendered highly difficult in view of the fact that a large tract of the property is landlocked with access by an exclusive easement making all but one of the parcels created by a subdivision unmarketable and undevelopable because all but one would lack a legal right of access; and because there is not adequate evidence to allow valuation of the respective properties, I find ... that partition in kind is not practicable or expedient....

We find the reasons the master gave do not support his decision.

The master's first reason was that the parties did not agree on how to divide the properties in kind. However, their disagreement is precisely what caused Gregory to file this partition action. The fact that the parties failed to resolve the matter themselves is not a reason to find that issuing a writ of partition would involve unnecessary expense.

The master's second reason was that "valuation and partition in kind is rendered highly difficult in view of the fact that a large tract of the property is landlocked with access by an exclusive easement making all but one of the parcels created by a subdivision unmarketable and undevelopable because all but one would lack a legal right of access." This finding is based on Gregory's testimony about the Dry Branch property. He testified, "I have learned ... that the county will not approve land that's landlocked to be subdivided." This statement is not sufficient to support the master's finding. Gregory made the statement in self-interest, and nothing in the record supports its reliability. Gregory never identified how or from whom he "learned" that the county would not allow division, and the record contains no evidence of an ordinance, rule, or other authority supporting Gregory's testimony.

Even if the county had such a policy in place, it would not preclude a state court from exercising its statutory authority to partition the property in kind. *See City of N. Charleston v. Harper*, 306 S.C. 153, 157, 410 S.E.2d 569, 571 (1991) ("Power granted pursuant to state law can be restricted only by state law. A local government may not forbid what the legislature expressly has licensed, authorized, or required.").

Moreover, the Clarkson property is not landlocked, and there is no evidence of any restrictions on subdividing the Clarkson property. Even if Gregory's testimony about the Dry Branch property is accurate, that fact alone is not a sufficient reason to find that issuing a writ of partition for the Clarkson property would involve unnecessary expense.

The master's last reason was that the record did not contain sufficient evidence to determine the value of the properties. He made no findings as to the value of either parcel or what commissioners would cost. It is not possible for the master to determine that issuing a writ of partition would involve unnecessary expense without making an assessment of the cost of issuing the writ, comparing that cost to an estimate of the values of the properties, and explaining on the record his comparison and the reasons it supports his determination that the expense is "unnecessary."

Even when considered together, the reasons the master gave do not support his unnecessary expense finding. Therefore, we reverse and remand to the master to revisit this issue. On remand, the master may issue a writ of partition, or, if he again determines that doing so would involve unnecessary expense, he must make sufficiently detailed findings supporting that determination.

## IV. Attorney's Fees and Costs

The master awarded Gregory attorney's fees and costs pursuant to South Carolina Code section 15–61–110 (2005), which allows a court to make such an award in a partition action. The course of the proceedings on remand will likely affect the master's opinion on whether an award will still be warranted, how much to award, and who should pay. We vacate the award and do not address the parties' arguments

on this issue. *See Fesmire*, 385 S.C. at 315 n. 10, 683 S.E.2d at 814 n. 10.

## V. Conclusion

We **AFFIRM** the master's decision on the accounting cause of action, **REVERSE** the master's decision on the partition cause of action, and **VACATE** the award of attorney's fees and costs. We **REMAND** for the master to revisit the issues of partition and attorney's fees and costs.

WILLIAMS and PIEPER, JJ., concur.