**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Cole Towing and Recovery, LLC, Appellant,

v.

City of Spartanburg and Spartanburg City Council, Respondents.

Appellate Case No. 2017-002585

---

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-048
Submitted June 1, 2020 – Filed February 17, 2021

---

**AFFIRMED**

---

Robert Clyde Childs, III, of Childs Law Firm, and J. Falkner Wilkes, both of Greenville, for Appellant.

Danny Calvert Crowe and Mary Daniel LaFave, both of Crowe LaFave, LLC, of Columbia, for Respondents.

---

**PER CURIAM:** Cole Towing and Recovery, LLC appeals the circuit court's grant of summary judgment to the City of Spartanburg and Spartanburg City Council (collectively, the City) on Cole Towing's action against the City seeking to invalidate an ordinance (the Ordinance) regulating towing practices and charges

for vehicles towed from private property.  Cole Towing argues the circuit court erred in granting summary judgment when (1) the City exceeded its authority to enact the Ordinance criminalizing behavior that is lawful under state statutory scheme; (2) there were genuine issues of material fact as to whether the City exceeded its authority to enact the Ordinance imposing, among other things, a fee schedule for nonconsensual towing from private property; and (3) there were genuine issues of material facts necessary to a determination of whether the Ordinance violated the contract clause.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the City exceeded its authority to enact the Ordinance criminalizing behavior that is lawful under state statutory scheme and whether there were genuine issues of material fact as to whether the City exceeded its authority to enact the Ordinance imposing, among other things, a fee schedule for nonconsensual towing from private property[1]: *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) (determining that when reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law); *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003) (noting that in determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party); *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011) ("Whe[n] cross[-]motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law."); *Alltel Commc'ns, Inc. v. S.C. Dep't of Revenue*, 399 S.C. 313, 319 n.2, 731 S.E.2d 869, 872 n.2 (2012) (noting "the parties filed cross[-]motions for summary judgment, thereby indicating the parties' belief that further development of the facts was unnecessary"); *Beachfront Entm't, Inc. v. Town of Sullivan's Island*, 379 S.C. 602, 605, 666 S.E.2d 912, 913 (2008)

_____

[1] To the extent Cole Towing maintains that the circuit court should have considered and made a specific ruling on the legal sufficiency of the facts for the "predatory practices" basis for the Ordinance, Cole Towing's statement of issues on appeal contains no reference to a ruling on predatory practices.  Accordingly, any argument about this is abandoned.  *See* Rule 208(b)(1)(B), SCACR (requiring an appellant's initial brief to contain "[a] statement of each of the issues presented for review"); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("No point will be considered which is not set forth in the statement of issues on appeal.").

("In determining the validity of a local ordinance, the inquiry is twofold: did the local government have the power to enact the ordinance[] and[] if so, is the ordinance consistent with the [c]onstitution and general law of this [s]tate."); *id.* at 606, 666 S.E.2d at 914 ("Article VIII, [section] 14, of our [s]tate [c]onstitution requires uniformity regarding the criminal law of this [s]tate and local governments may not criminalize conduct that is legal under a statewide criminal law." (footnote omitted)); *id.* (finding when the state has "not preempted the regulation of [an activity,] a local government may therefore criminalize [that activity], but only to the extent consistent with [s]tate law"); S.C. Code Ann. § 16-11-760(A) to (B) (2005) ("(A) It is unlawful for a person to park a vehicle . . . on the private property of another without the owner's consent. If the property is for commercial use, the owner must post a notice in a conspicuous place on the borders of the property near each entrance prohibiting parking. . . . (B) A vehicle found parked on private property may be towed and stored at the expense of the registered owner or lienholder, and charges for towing, storing, preserving the vehicle, and expenses incurred if the owner and lienholder are notified pursuant to [statute] constitute a lien against the vehicle, provided that the towing company makes notification to the law enforcement agency . . . .")); *Bugsy's, Inc. v. City of Myrtle Beach*, 340 S.C. 87, 95, 530 S.E.2d 890, 894 (2000) ("Whe[n] an ordinance is not preempted by [s]tate law, the ordinance is valid if there is no conflict with [s]tate law."); *City of North Charleston v. Harper*, 306 S.C. 153, 156-57, 410 S.E.2d 569, 571 (1991) ("A city ordinance conflicts with state law when its conditions, express or implied, are inconsistent or irreconcilable with the state law."); *Bugsy's, Inc.*, 340 S.C. at 95, 530 S.E.2d at 894 ("In order for there to be a conflict between a state statute and a municipal ordinance, both must contain either express or implied conditions [that] are inconsistent and irreconcilable with each other. If either is silent whe[n] the other speaks, there is no conflict."); *Quality Towing, Inc. v. City of Myrtle Beach*, 340 S.C. 29, 36, 530 S.E.2d 369, 372 (2000) ("State law forbids parking vehicles on private property without permission from the owner and permits involuntary tows of such vehicles . . . ."); *id.* at 35-36, 530 S.E.2d at 372 (noting a local ordinance imposed the maximum fees that could be charged for towing and storage but did not specify penalties for violations by towing companies); *id.* at 36, 530 S.E.2d at 372 ("[T]he focus of the state statute is on the conduct of the vehicle owner, whereas the focus of the city ordinance is on the conduct of the property owner and towing company."); *id.* at 37, 530 S.E.2d at 373 (concluding a particular ordinance a city enacted to deal with local towing problems did not conflict with section 16-11-760); *id.* ("Our constitution mandates 'home rule' for local governments."); *id.* ("Implicit in [a]rticle VIII [of the constitution] is the realization that different local governments have different problems that require different solutions." (quoting *Hosp. Ass'n of S.C. v. County of Charleston*, 320 S.C. 219,

230, 464 S.E.2d 113, 120 (1995))); *Harper*, 306 S.C. at 156, 410 S.E.2d at 571 ("Local governments derive their police powers from the state.  The state has granted local governments broad powers to enact ordinances 'respecting any subject as shall appear to them necessary and proper for the security, general welfare and convenience of such municipalities.'" (citation omitted) (quoting S.C. Code Ann. § 5-7-30 (1976))); *id.* ("This is in recognition that more stringent regulation often is needed in cities than in the state as a whole.  However, the grant of power is given to local governments with the proviso that the local law not conflict with state law." (citation omitted)).

2.  As to whether there were genuine issues of material facts necessary to a determination of whether the Ordinance violated the contract clause: *Hodges v. Rainey*, 341 S.C. 79, 93, 533 S.E.2d 578, 585 (2000) ("To constitute a Contract Clause violation [an appellate court] must determine three issues: (1) whether there is a contractual relationship; (2) whether the change in the law impairs that contractual relationship; and (3) whether the impairment is substantial."); *Ken Moorhead Oil Co. v. Federated Mut. Ins. Co.*, 323 S.C. 532, 544, 476 S.E.2d 481, 488 (1996) ("For a law to survive scrutiny under the Contract Clause when the law substantially impairs a contract, it must be 'reasonable and necessary to accomplish a legitimate public purpose.'" (quoting *Citizens for Lee Cty., Inc. v. Lee County*, 308 S.C. 23, 30, 416 S.E.2d 641, 646 (1992))); *Carolina All. for Fair Emp't v. S.C. Dep't of Labor, Licensing, & Regulation*, 337 S.C. 476, 485, 523 S.E.2d 795, 799-800 (Ct. App. 1999) ("The party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact.  Once the party moving for summary judgment meets this initial burden, the non[]moving party cannot simply rest on the mere allegations or denials contained in the pleadings.  Rather, the non[]moving party must come forward with specific facts showing there is a genuine issue for trial." (citations omitted)); *id.* at 485, 523 S.E.2d at 800 ("The plain language of Rule 56(c), SCRCP, mandates the entry of summary judgment, after adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial.  A complete failure of proof concerning an essential element of the non[]moving party's case necessarily renders all other facts immaterial." (citation omitted))); *Wiegand*, 391 S.C. at 163, 705 S.E.2d at 434 ("Whe[n] cross[-]motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law."); *Alltel Commc'ns, Inc.*, 399 S.C. at 319 n.2, 731 S.E.2d at 872 n.2 (noting "the parties filed cross[-]motions for summary judgment, thereby indicating the parties' belief that further development of the facts was unnecessary").

**AFFIRMED.**[2]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.